UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-21211-CIV-SEITZ/WHITE

WALTER LOUISSAINT,

        Movant,

v.

UNITED STATES OF AMERICA,

        Respondent,

_____/

### ORDER AFFIRMING AND ADOPTING REPORT OF MAGISTRATE JUDGE, DENYING CERTIFICATE OF APPEALABILITY, AND CLOSING CASE

THIS CAUSE is before the Court on the Report of Magistrate Judge [DE-25]. In that Report, Magistrate Judge White recommends that Movant's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence [DE-10] be denied as to all claims. Movant has filed Objections to the Report [DE-27], the Government has filed a Response in Opposition to Movant's Objection [DE-39], and Movant has also filed a Motion for Evidentiary Hearing and/or Immediate Release From Custody [DE-38].[1] Having considered the Report, the Movant's Objections, and the record, the Court finds that the Magistrate Judge was not clearly erroneous in his factual summary of the record and his legal conclusions correctly applied the law to the facts. Therefore, the Court will overrule the Objections, affirm the Report, and deny the motion.

Movant's Amended Motion raises nine grounds for relief: (1) Movant was denied effective assistance of counsel when his attorney failed to argue that the firearm listed in the

---

[1] The Motion for Evidentiary Hearing and/or Immediate Release From Custody is simply another attempt to make the same arguments Movant made in his Motion to Vacate and his Objections to Report. He raises the same issues and makes the same arguments for a third time in the Motion for Evidentiary Hearing and/or Immediate Release From Custody.

indictment did not affect interstate commerce; (2) the Government committed a *Brady* violation and Movant was denied effective assistance of counsel when his attorney failed to discover evidence before trial; (3) Movant was denied effective assistance of counsel when his attorney failed to object and/or propose a jury instruction regarding the proper introduction of DVD evidence; (4) the District Court erred when it permitted Probation Officer Redding's testimony as to the authenticity of Movant's voice and counsel was ineffective for failing to raise this issue on appeal; (5) Movant was denied effective assistance of counsel when his attorney failed to request the District Court provide the jury with limiting instructions regarding Officer Redding's testimony; (6) Movant was denied effective assistance of counsel when his attorney failed to argue the Government's late discovery disclosure on appeal; (7) Movant was denied effective assistance of counsel when his attorney failed to argue and present reliable state court documents that determine the validity of his guilty plea as to his state court convictions; (8) Movant was denied effective assistance of counsel when his attorney failed to object to the Government's improper opening statements; and (9) the Government committed prosecutorial misconduct when it permitted perjured grand jury testimony by Agent McBride, in violation of *Brady*.

Movant has filed objections as to the Report's conclusions as to Claims 1, 2, 3, 5, 6, 7, and 9. Movant has not filed objections regarding claims 4 and 8 or regarding the Magistrate Judge's summary of the procedural history of the case or the factual history. Consequently, having reviewed the record *de novo*, the Court finds that the Magistrate Judge was not clearly erroneous in his procedural and factual summary of the record and his legal conclusions correctly applied the law to the facts as to claims 4 and 8. Accordingly, the Court affirms and adopts these portions of the Report.

## I. Movant's Objections

*The Objection to Claim 1 is Overruled*

In claim 1, Movant asserts that his counsel was ineffective because his attorney failed to argue that the firearm listed in the indictment did not affect interstate commerce. Specifically, Movant asserts that the firearm at issue was manufactured in Florida, not Brazil, as testified to by the Government's expert. Thus, according to Movant, not only was counsel ineffective for failing to raise this at trial, but the trial court lacked jurisdiction over the charge. In support of this, Movant has submitted the "Affidavit" of Paul Jean-Baptiste. The "Affidavit" is an unsworn statement that states that Mr. Jean-Baptiste's investigation showed that the gun was manufactured in the United States. Movant's objection simply reiterates the arguments he previously made in his Motion. Moreover, even if the Court were to assume the Affidavit is true, it does not establish that the firearm was manufactured in Florida.

Further, the indictment charged Movant with possession of a firearm and ammunition affecting interstate commerce and the jury found that Movant possessed both a firearm and ammunition. Thus, Movant cannot establish prejudice. Under the prejudice prong of *Strickland v. Washington*, 466 U.S. 668, 694 (1984), Movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Here, Movant does not challenge the evidence regarding the ammunition and its place of manufacture. Therefore, because the jury found that Movant possessed the ammunition there was sufficient evidence to support the verdict, regardless of the place of manufacture of the

3

firearm. Consequently, Movant cannot establish prejudice and his objection to claim 1 is overruled.

*The Objection to Claim 2 is Overruled*

In Claim 2, Movant asserts that the Government committed a *Brady* violation and Movant's counsel was ineffective for failing to discover evidence before trial. Specifically, Movant asserts that the firearm at issue, with serial number 0b34646 could not have been purchased from Movant on May 18, 2008 because it had been seized by the Government on September 6, 2007. Once again, Movant's objection is simply a re-argument of his Motion. The Report found that Movant had not presented any credible evidence to support this contention and had not established any of the prongs necessary to support a *Brady* violation. Movant has not presented any argument establishing that this conclusion was in error. Further, Movant's argument that his DNA was not found on the firearm does not establish either a *Brady* violation or ineffective assistance of counsel.

Finally, in his objection, Movant argues that Crime Scene Investigator Dennis Polanco testified that he was in possession of the firearm listed in the indictment in March 2008, two months before Movant was alleged to have been in possession of the firearm. However, a review of the trial transcript establishes that Mr. Polanco corrected that statement and stated that it was May 21, 2008 when he took possession of the gun, not March 2008. *See* Case No. 09-20631-CR, DE-74, 139:8-140:22. Consequently, this objection is overruled.

*The Objection to Claim 3 is Overruled*

In Claim 3, Movant argues that he was severely prejudiced when the Government introduced at trial a three minute video of his meeting with the undercover officer. Movant

asserts that counsel should have requested from the trial court a limiting instruction for evidence offered pursuant to Rule 404(b). However, as the Report found, the record indicates that defense counsel challenged the admission of an unredacted version of the video several times and was overruled by the trial court each time. Despite that, the trial court gave a modified Rule 404(b) instruction to the jury. Thus, Movant has not shown a deficient performance by counsel as required by *Strickland. See Strickland v. Washington*, 466 U.S. at 687-88 (holding that in order to have an ineffective assistance of counsel claim, counsel's representation of movant must fall below an objective standard of reasonableness). Further, counsel raised this issue on appeal. Thus, counsel's performance was not deficient on appeal. Consequently, this objection is overruled.

*The Objection to Claim 5 is Overruled*

In Claim 5, Movant asserts that his counsel was ineffective for failing to request the trial judge give a limiting instruction to the jury as to Officer Redding's testimony. Again, Movant's objection is nothing more than a restatement of the arguments made in his Motion. As the Report pointed out, defense counsel made a strategic decision not to ask for a limiting instruction because counsel felt the instruction would only draw more attention to the fact that Officer Redding was a probation officer. Generally, a strategic decision will not be held ineffective unless it was so patently unreasonable that no competent attorney would have chosen it. *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983). Movant has not shown that his counsel's decision was so patently unreasonable that no competent attorney would have chosen it. Consequently, Movant has not shown deficient performance and his objection to Claim 5 is overruled.

*The Objection to Claim 6 is Overruled*

In Claim 6, Movant asserts that counsel was ineffective for failing to raise on appeal the Government's late discovery disclosure of certain photographs of Movant's residence and vehicle. While Movant asserts in his objection that the photos were not given to defense counsel until during trial, in its response to the Movant's motion, the Government presented evidence that the photos were provided before the start of trial. More importantly, Movant has not shown how he was prejudiced. He is not presented any evidence that his counsel was unable to prepare a defense or otherwise react to the photos at trial. *See U.S. v. Bueno-Sierra*, 99 F.3d 375, 379 (11th Cir. 1996) (holding that prejudice results from a Rule 16 violation only if a defendant is unduly surprised and lacks an adequate opportunity to prepare a defense). Consequently, Movant has not met the second prong of *Strickland* and his objection to this claim is overruled.

*The Objection to Claim 7 is Overruled*

In Claim 7, Movant contends that counsel was ineffective for failing to argue and present reliable state court documents that determine the validity of his guilty pleas in his state court convictions. According to Movant one of his three state court convictions was not a conviction because he pled nolo contendere. However, as the Report notes, the state court judgments and sentences, filed by the Government in the underlying criminal case, indicate that Movant pled guilty to all three state court crimes. *See* Case No. 09-20631-CR, DE-53-2, 53-5, 53-8. Thus, the objection based on the existence of a nolo contendere plea is overruled as baseless.

In his objection and his Motion for Evidentiary Hearing and/or Immediate Release From Custody, Movant also argues that counsel was ineffective because Movant's criminal history points were miscalculated because his three prior convictions in Florida should have been

6

counted as a single conviction because he was sentenced for all three at the same time. First, the Court notes that defense counsel did raise this argument in the Objections to Presentence Investigation Report. *See* Case No. 09-20631-CR, DE-52. Thus, counsel's performance was not deficient. Second, this issue, whether Movant's criminal history points were correctly calculated, was addressed by the Eleventh Circuit as part of Movant's direct appeal from his criminal conviction. *See United States v. Louissaint*, 407 Fed. App'x 378 (11th Cir. 2011). "Once a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) (citation omitted). Consequently, Movant's objection is overruled.

*The Objection to Claim 9 is Overruled*

In Claim 9, Movant maintains that the Government committed prosecutorial misconduct when it permitted perjured grand jury testimony by Agent McBride. The Report found that, even if Movant's allegations were true that McBride testified differently in the grand jury and the Government withheld that evidence, Movant could not establish any prejudice because more than sufficient evidence was adduced at trial to support Movant's conviction. Movant has not shown otherwise in his objection. Consequently, Movant's objection to Claim 9 is overruled.

## II. An Evidentiary Hearing is Not Required

A court need not hold an evidentiary hearing if the "files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Thus, an evidentiary hearing is not required when the contentions of a movant are affirmatively contradicted by the record or when the contentions of a movant are conclusory and unsupported by specifics. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). As set out in the Magistrate Judge's

Report and herein, Movant's claims are without merit and thus he is not entitled to an evidentiary hearing.

### III. The Court Will Not Issue A Certificate of Appealability

The Court will deny issuance of a certificate of appealability for Movant's motion pursuant to Rule 11 of the Rules Governing Section 2255 Cases. The Court, having established grounds for entering a "final order adverse to the applicant" on this motion, "must issue or deny a certificate of appealability." In order to obtain a certificate of appealability, Movant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is satisfied "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Jones v. Secretary*, 607 F.3d 1346, 1349 (11th Cir. 2010) (quotation omitted). Here, Movant has not made this showing.

Thus, having carefully reviewed, *de novo*, Magistrate Judge White's Report, the record, and Movant's objections, it is

ORDERED that:

(1) The above-mentioned Report of Magistrate Judge [DE-25] is AFFIRMED and ADOPTED, and incorporated by reference into this Court's Order;

(2) Movant's Objections [DE-27] are OVERRULED;

(3) Movant's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence [DE-10] is DENIED;

(4) Movant's Motion for Evidentiary Hearing and/or Immediate Release From Custody [DE-38] is DENIED;

(5) All pending motions not otherwise ruled upon in this Order are DENIED AS MOOT;

and

(6) This case is CLOSED.

DONE and ORDERED in Miami, Florida, this __10th__ day of October, 2014.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge White
All Counsel of Record/Pro se parties